UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO AREVALO MENDOZA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>Respondents. | Case No.  26-cv-03912-RFL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner filed a petition for writ of habeas corpus seeking immediate release or a bond hearing.  (Dkt. No. 1 (the "Petition").)  The government responded, acknowledging that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025)," and thus, the government does "not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (Dkt. No. 4.)  For the reasons stated below, the Petition is **GRANTED**.  Respondents shall ensure that Petitioner is provided with a bond hearing within 14 days.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  "[T]he traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Because Petitioner is in custody and seeks release from custody, he has standing to pursue the Petition.

## II.    ANALYSIS

"Petitioner . . . is a citizen of Mexico. . . .  [He] entered the United States around October 2002 by crossing unlawfully at the border.  He was not apprehended upon his arrival to the United States.  [He] came to the safety of the USA fleeing crime and violence in Mexico."

1

(Petition ¶¶ 25-26.)  He has been "regularly employed" since arriving in the United States, "[h]e "owns and operates a bakery" that "employs 20 people," and "[h]e has no criminal record."  (*Id.* ¶ 25.)  On July 5, 2026, he was arrested and detained without a warrant while on his way to work.  (*See id.* ¶ 27.)  He "has not requested custody redetermination at the Otay Mesa Immigration Court because this is futile.  The immigration judges will deny bond, concluding there is no jurisdiction to even consider setting a bond based on" *In re Hurtado*, 29 I & N Dec. 216 (BIA 2025).  (*See id.* ¶ 29.)

The Central District of California certified a class of which it appears that Petitioner was initially a member.  *See Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1077-78 (C.D. Cal. 2025).  That case essentially overruled *In re Hurtado*. *See id.* at 1080.  The Ninth Circuit has since stayed application of the class to any members outside the Central District of California. *See Maldonado Bautista v. U.S. DHS*, No. 26-1044, Dkt. No. 5 (9th Cir. Mar. 6, 2026). Although the Central District's decision in *Maldonado Bautista* is not binding on this Court, many courts in this district have agreed with its reasoning and have found that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. Section 1225.  *See*, *e.g.*, *Rodriguez v. LaRose*, No. 25-cv-02940-RBM, 2025 WL 3456475, at *4-5 (S.D. Cal. Dec. 2, 2025); *Gregorio v. LaRose*, No. 25-cv-03322-BAS, 2025 WL 3653998, at *2-4 (S.D. Cal. Dec. 17, 2025); *Cortez Garrido v. Mullin*, No. 26-cv-02800-LEK, 2026 WL 1375950, at *1-2 & n.2 (S.D. Cal. May 15, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936-37 (N.D. Cal. 2025).  Therefore, for the reasons stated in those decisions, the undersigned concludes that Petitioner is not subject to mandatory detention under Section 1225.

Petitioner also requests an award of attorneys' fees.  The Court will consider an application for reasonable fees that is filed within 30 days of the entry of judgment. Accordingly, the request for attorneys' fees id **DENIED WITHOUT PREJUDICE**.

### III.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**.  Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. Section 1226(a) within 14

days of the filing of this Order.  Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. Section 1225(b)(2) requires mandatory detention.  If no bond hearing is held by **July 28, 2026**, Petitioner shall be released on **July 29, 2026**.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: July 14, 2026

_____
RITA F. LIN
United States District Judge

3